UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CV-174-F(1)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| PETER C. CURNIN, ) | |
| ) | |
| Relator, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BALD HEAD ISLAND LIMITED, ) | |
| MARK D. MITCHELL, MICHAEL K. ) | |
| MITCHELL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Set Aside or Amend Findings and for Other Relief [DE-38] filed by Relator Peter C. Curnin.

## I. PROCEDURAL HISTORY

On September 29, 2003, Curnin, proceeding pro se, filed this qui tam action under the False Claims Act, 31 U.S.C. §§ 3729-3733, and he simultaneously moved to place the action under seal [DE-1, 2]. Curnin's certificate of service on his complaint and motion to seal affirms that Curnin mailed a copy to the then United States Attorney General and the United States Attorney, Frank Whitney. In accordance with the False Claims Act, Curnin did not serve the complaint on the defendants at the time of filing. The court promptly granted Curnin's motion to seal on October 2, 2003 [DE-3].

The Government did not timely file notice of its election to proceed, and the court did not order any action in the case until more than three years later, when Curnin, by counsel, filed a

motion for leave to file a notice of appearance of counsel under seal [DE-4]. The court allowed the motion to seal on December 22, 2006 [DE-5].

More than a year later, in February 2008, the Government filed a motion to decline intervention [DE-6 (under seal)], which the court promptly granted [DE-7]. As part of that order, the court directed Curnin to serve the complaint on the defendants.

In June 2008, the Government filed a motion to dismiss for lack of prosecution [DE-8], asserting that Curnin had failed to request the issuance of summons and apparently had not served the complaint on the defendants. Curnin did not respond to the motion to dismiss.

On August 5, 2008, the undersigned sua sponte dismissed the action for failure to prosecute [DE-9], noting the Government's consent to the dismissal, and denied the Government's motion as moot. Curnin appealed the order, and in an opinion entered May 21, 2009, the Fourth Circuit Court of Appeals vacated the August 5, 2008, order of this court, and remanded the matter so that this court could appropriately articulate its ground for dismissing the action. The Fourth Circuit also directed that, if this court intended to exercise its authority to dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), this court should expressly consider and apply a four-factor analysis. *See Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990) (noting a trial court, before dismissing a case for failure to prosecute, must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.").

In an order filed on July 20, 2009 [DE-17], this court clarified that it did intend, in the August 5, 2008, order, to dismiss this action with prejudice in exercise of its inherent authority to dismiss a case for failure to prosecute and its corresponding explicit authority under Rule 41(b) and articulated its reasoning for doing so. Curnin appealed the July 20, 2009, order, and in an opinion and judgment filed on June 4, 2010, the Fourth Circuit vacated the court's order and remanded the action.

The same day that the Fourth Circuit's opinion and judgment was entered, the Government filed the Motion for Hearing [DE-25]. In the motion, the Government recognized that it decided not to intervene in the case, but posited that it is still the real party in interest in the action, and because of that status, and "as a friend of the court," the Government requested a hearing. Specifically, the Government requested that "both counsel for the Relator and counsel for the United States [be allowed] to appear and explain the procedural posture and history in this case, and to suggest appropriate remedies, in light of the Fourth Circuit's decision in this matter." Mot. for Hearing [DE-25] at pp. 1-2.

The Clerk of Court communicated with counsel for the Government who indicated to the Clerk that he had reached an agreement with Curnin's counsel that Curnin would not be obligated to respond to the Government's motion until the mandate was issued by the Fourth Circuit.

On July 27, 2010, the mandate was entered. On August 3, 2010, Curnin purported to file proposed summonses for defendants, but the Clerk of Court notified Curnin that the documents he filed were unreadable. On August 16, 2010, Curnin again filed proposed summonses, and the Clerk of Court issued the summonses on August 17, 2010.

3

On August 25, 2010, the Government filed a "Notice to Court" [DE-36] explaining that the Government and Curnin were unable to reach a resolution regarding the Government's motion for a hearing. The Government asked the court to set a hearing in this matter at the court's earliest convenience. The Government also suggested that Curnin failed to comply with Local Civil Rules 10.1(f) and 83.1.

One day later, on August 26, 2010, the court issued an order [DE-37] on the Government's Motion for Hearing [DE-25]. In the order, the court recounted the procedural history in the case, and specifically noted that "after the initial filing of the complaint and motion to seal in September 2003, the case fell under the radar screen of the court." August 26, 2010 Order [DE-37] at p. 2. The court then noted that "[a]fter three years languishing on the court's docket, Curnin, by counsel, filed a motion for leave to file a notice of appearance of counsel under seal [DE-4]." *Id.* The court then stated that although the motion to seal was allowed on December 22, 2006, Curnin's counsel "did not effectuate the filing of his notice under seal." *Id.*

After further recounting the procedural history, the court denied the Government's motion for a hearing without prejudice, and expressed its puzzlement with the Government's request for a hearing when the Government previously had declined to intervene in the action. The court did, however, direct the Clerk of Court to notify the undersigned when Curnin had filed proof of service as to all the named defendants in the action so the court could schedule a status conference. The court also directed Curnin to cause his counsel, and if necessary, local counsel, to file a notice of appearance in this action, based on the court's assessment that a notice of appearance had not been filed.

4

Curnin thereafter filed the Motion to Set Aside or Amend Findings and for Other Relief [DE-38].

## II. ANALYSIS

In the Motion to Set Aside or Amend Findings and for Other Relief [DE-38], Curnin asks the court to (1) strike any and all of the Government's pleadings filed after the Government filed its notice of intervention and enter findings that he was not required to respond to the Government's motion for a hearing but was entitled to a respond to the Government's notice filed on August 25, 2010, (2) order the Government to refrain from filing any further pleadings unless it has filed a motion to intervene and presented a showing of good cause; (3) vacate its August 26, 2010, Order in its entirety; (4) alternatively, amend the court's findings to excise facts, statements, and conclusions to be unsupported or erroneous, and (5) determine the filing status of the notice of appearance and, if not done already, order the Clerk of Court to file the notice of appearance of Curnin's counsel.

Curnin raises several objections to the court's August 26, 2010, Order which he argues justifies his requested relief. He asserts the August 26, 2010, Order contained findings which are not supported by the record. He also asserts that the Government's filings were not authorized.

### A. Findings

Curnin raises three objections to the findings in the August 26, 2010, Order. First, he takes issue with the court's characterization of the case as "languishing [for three years] on the court's docket." August 26, 2010 [DE-37] at p. 2. He argues that the statement lacks factual support, is at odds with the procedural history of the case, and contradicts the Fourth Circuit's findings and opinions on the appeals from this matter. The court disagrees. There can be no

dispute that this case remained on the docket for three years with no activity. While that lack of activity may not be attributable to Curnin, the absence of activity is plain from the record.

Curnin's second objection, however, has merit. He objects to the court's finding that, after the court allowed the motion for leave to file a notice of appearance under seal [DE-4], Curnin's counsel failed "to effectuate the filing of his notice under seal." Curnin notes that his counsel, and local counsel under Local Rule 83.1, attached a notice of appearance to the motion to seal itself. He submits that by virtue of the court allowing the motion to seal, he believed that the ministerial act of the actual docketing of the notice of appearance was performed by the Clerk of Court. The court agrees that under the circumstances of this case, that belief was reasonable.

Finally, the court finds Curnin's last objection to be well-taken. Namely, Curnin objects to the court's statement that "the parties agreed that Curnin was not obligated to respond to the Government's motion until the mandate was issued by the Fourth Circuit." August 26, 2010, Order [DE-37] at p. 4. Curnin asserts he did not agree to anything with regard to his duty to respond to the Government's motion, and the only indication of any agreement came from unsworn statements from counsel for the Government. Curnin is correct that the court only had the Government's representations as to what Curnin allegedly had agreed to with regard to responding to the Government's motion for hearing.

**B. Relief**

Having found reasonable Curnin's belief that this court and/or the Clerk of Court would effect the ministerial act of docketing his counsel's notice of appearance, the court still is faced with the fact that the notice of appearance has not been officially docketed. Therefore, the court DIRECTS the Clerk of Court to docket the notice of appearance, attached as Exhibit A to

6

Curnin's instant motion [DE-38-1], and the court ORDERS that the filing date for the notice of appearance be entered, *nunc pro tunc*, to December 15, 2006. In so doing, the court observes that Local Rule 83.1 counsel for Curnin, Sydenham B. Alexander, Jr., is not registered as an e-filer with the court's Case Management/Electronic Case Filing ("CM/ECF") system. Accordingly, the Clerk of Court will not be serving Mr. Alexander with notices or orders from the court, unless or until he becomes a registered e-filer with the court. Curnin's lead counsel, Mr. Francis X. Moore, will receive notice via CM/ECF.

Curnin also asserts that the entirety of the August 26, 2010, Order [DE-37] should be vacated. The entirety of the Order [DE-37] is not erroneous, and therefore the court declines to vacate it. The court will, however, AMEND the order to reflect that (1) Curnin's counsel attached a notice of appearance to the motion to seal [DE-4] that was filed on December 15, 2006, and (2) the Government represented that Curnin had agreed that he did not need to respond to the motion for hearing until the mandate was issued, but Curnin had not made any such representation to the court. The court also has reconsidered the need for a status conference in the absence of a motion from one of the parties.

Curnin also moves the court to strike any and all of the Government's pleadings filed after the Government entered its notice of non-intervention. Curnin's request is DENIED. It makes little sense to strike the pleadings which have been part of the record on appeal to the Fourth Circuit, and the court does not consider it necessary to strike the pleadings filed after the Fourth Circuit issued its second opinion in this matter. The court also DENIES Curnin's request that this court enter findings on the legal status and implications of the Government's various

filings. At bottom, whether the Government's June 4, 2010, motion is considered a nullity or not, the motion was denied and the Government did not receive the relief it was seeking.

Curnin also asks the court to order the Government to refrain from filing any further pleadings unless and until it has filed a motion to intervene and presented a showing of good cause. Curnin's request is DENIED. The Government should be aware, especially after the August 26, 2010, Order denying the Government's motion for hearing and reminding the Government of its option of exercising its statutory right to intervene, that formally intervening in this action will be necessary if the Government wants to take an active role in this litigation.

### III. SERVICE ON DEFENDANTS

Proper proof of service, or waiver of service under Fed. R. Civ. P. 4(d), is necessary for the court to exercise personal jurisdiction over a defendant. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. FED. R. CIV. P. 4(m). Additionally, "proof of service must be made to the court." FED. R. CIV. P. 4(l).

Presently, the record before the court does not show proof of service on any Defendant. Accordingly, Curnin is DIRECTED to either file proof of service on Defendants, or show good cause why the court should not dismiss Curnin's claims without prejudice. Any explanation of good cause shall include briefing on whether service was required to be made within 120 days of the Government's notice of non-intervention, and the effect, if any, of the court's issuance of

summonses on August 16, 2010. Curnin shall file either the proofs of service or other response to this court's order within 21 days of this order.

## IV. CONCLUSION

For the foregoing reasons, Relator Peter Curnin's Motion to Set Aside or Amend Findings and for Other Relief [DE-38] is ALLOWED in part and DENIED in part. Specifically,

(1) Curnin's motion to vacate the court's August 26, 2010, Order is DENIED;

(2) Curnin's request to amend findings in the August 26, 2010, Order is ALLOWED in part and the court AMENDS the August 26, 2010, Order [DE-37] to reflect that (1) Curnin's counsel attached a notice of appearance to the motion to seal [DE-4] that was filed on December 15, 2006, and (2) the Government represented that Curnin had agreed that he did not need to respond to the motion for hearing until the mandate was issued, but Curnin had not made any such representation to the court;

(3) Curnin's motion to strike any and all of the Government's pleadings after the Government filed its notice of intervention and to issue findings on the legal effect of the Government's filing is DENIED;

(4) Curnin's request that the court order the Government to refrain from filing any further pleadings unless and until the Government files a motion to intervene is DENIED;

(5) the Clerk of Court is DIRECTED to docket the notice of appearance, attached as Exhibit A to Curnin's instant motion [DE-38-1], and the court ORDERS that the filing date for the notice of appearance be entered, *nunc pro tunc*, to December 15, 2006;

9

Case 7:03-cv-00174-F   Document 39   Filed 08/09/11   Page 9 of 10

(6) Curnin is DIRECTED, within 21 days of the filing date of this Order, to either file proof of service on Defendants or show good cause, with appropriate briefing, why his claims against Defendants should not be dismissed without prejudice.

SO ORDERED.

This the 9th day of August, 2011.

James C. Fox
Senior United States District Judge