UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA, ex rel.    :
PETER C. CURNIN,                     :
                                     :
        Plaintiff,                   :
                                     :
            v.                       :        Civil Action No. 7:03-CV-174-F
                                     :
BALD HEAD ISLAND LIMITED,            :
MARK D. MITCHELL, and                :
MICHAEL K. MITCHELL,                 :
                                     :
        Defendants.                  :

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS
### (Fed R. Civ. P. 4(m), 12(b)(4) and (5))

Bald Head Island Limited LLC ("Limited"), identified in the Complaint as Texas limited

partnership Bald Head Island Limited, Mark D. Mitchell, and Michael K. Mitchell (collectively,

"Defendants") respectfully submit this Memorandum in support of their Motion to Dismiss

Plaintiff's Complaint for Insufficiency of Process and Service of Process. In bringing this

Motion, Defendants expressly reserve the right to later file a subsequent Rule 12(c) Motion for

Judgment on the Pleadings and raise the Relator's failure to state a claim upon which relief may

be granted as a defense to the relief sought.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 29, 2003, Peter C. Curnin ("Curnin" or the "Relator") commenced the

above-captioned qui tam action with the filing of a Complaint purporting to allege a violation of

the False Claims Act, 31 U.S.C. § 3729, et seq. The Complaint alleges that Limited is a Texas

limited partnership, Defendants Mark D. Mitchell and Michael K. Mitchell are general partners

of Limited, and Defendants "unlawfully acquired at least 1,000 acres of land that rightfully belongs to the United States of America." (Complaint, ¶¶ 3, 10-12).[1] Although brought pursuant to the False Claims Act, the Complaint does not identify any underlying false claims submitted by Defendants to the United States government (the "Government").

On February 25, 2008, the United States Attorney filed the Government's Notice of Intention to Decline Intervention in the action. In June of 2008, it filed a Motion to Dismiss for Lack of Prosecution. On August 5, 2008, the Court dismissed the action sua sponte. Curnin appealed, and the Fourth Circuit Court of Appeals vacated the August 5, 2008 Order, remanding the case to this Court for a statement of the grounds for dismissing the action pursuant to Fed. R. Civ. P. 41(b). The Court's July 20, 2009 Order articulated the factors the Court analyzed and indicated that the Court intended to dismiss the action with prejudice. The Fourth Circuit subsequently vacated that Order. Its mandate was entered on July 27, 2010.

On August 16, 2010, Curnin filed proposed summonses and the Clerk of Court issued them the following day. Curnin apparently made no effort to serve those summonses or the Complaint until almost a year later.

In an August 9, 2011 Order, the Court wrote:

Presently, the record before the court does not show proof of service on any Defendant. Accordingly, Curnin is DIRECTED to either file proof of service on Defendants, or show any cause why the court should not dismiss Curnin's claims without prejudice. Any explanation of good cause shall include briefing on whether service was required to be made within 120 days of the Government's notice of non-intervention, and the effect, if any, of the court's issuance of summonses on August 16, 2010. Curnin shall file either the proofs of service or other response to this court's order within 21 days of this order.

On August 11, 2011, an August 17, 2010 summons addressed to "Bald Head Island Limited, a Texas Limited Partnership c/o M. Kent Mitchell, Registered Agent" was hand-

---

[1] The individual defendants are non-member managers of Limited. (Paul Aff. ¶ 5).

delivered to Limited's registered agent, Charles A. Paul, III. (Paul Aff. ¶ 7, Ex. B). A line was drawn through "M. Kent Mitchell" and "Charles A. Paul III" was inserted in handwriting after the words "Registered Agent."[2] Limited has not existed as a limited partnership since it converted to a limited liability company with the 2006 filing of Articles of Merger (Paul Aff. ¶ 4, Ex. A). On August 18, 2011, one year and one day after its issuance, Mark D. Mitchell received a summons addressed to him. As of this date, Curnin has not served any summons, defective or otherwise, on Michael K. Mitchell.

## ARGUMENT

I.      **CURNIN'S UTTER DISREGARD OF THE 120-DAY SERVICE REQUIREMENT WARRANTS THE DISMISSAL OF THIS ACTION.**

Fed. R. Civ. P. 12(b)(4) and (5) provide that a motion to dismiss may be based on insufficient process or service of process. The requirements of process and service of process are set forth in Fed. R. Civ. P. 4. Pursuant to Rule Civ. P. 4(c), [a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)...." Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...." In the context of qui tam actions, some district courts have interpreted Rule 4(m) to mean that the 120-day clock for effecting service starts with the unsealing of the complaint. See., e.g., United States ex rel. Howard v. Life Care Centers of America, Inc., 2005 WL 2674939 (E.D. Tenn. 2005)

---

[2] Limited filed a Change of Registered Agent form with the North Carolina Secretary of State in 2010, appointing Mr. Paul the new registered agent on June 7, 2011 (Paul Aff. ¶ 6). The source of the handwriting is not known.

(unpublished); United States ex rel. Gudur v. Texas Dep't of Health, 2002 WL 511483 (S.D. Tex. 2002) (unpublished) (Appendix A).

Rule 4(m) requires good cause for obtaining an extension. Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995); see also Terry v. Marshall, 2004 WL 1348219 (M.D.N.C. 2004) (unpublished) (Appendix A) ("Mendez v. Elliot is still the law of the Fourth Circuit, although it stands alone among the circuits"). However, a mistake of law, misunderstanding of the rules, or inadvertence does not amount to "good cause" which would excuse a plaintiff's failure to serve his complaint within the 120-day period. United States ex rel. Shaw Environmental, Inc. v. Gulf Ins. Co., 225 F.R.D. 526 (E.D. Va. 2005) (Mistaken belief that service of a Rule 4(d) request for waiver of formal service was sufficient did not amount to "good cause"); Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 659-60 (D. Md. 1986) (decided under old Rule 4(j), the predecessor to current Rule 4(m)) (Plaintiff must show he made reasonable and diligent efforts to obtain service within 120-day period). For the reasons stated below, Curnin is unable to make out a showing of good cause.

Fed. R. Civ. P. 6(b)(1), the rule which allows the Court to expand the time period for some act to be done (in this case, the service of the summons), "for cause shown… where the failure to act was the result of excusable neglect," is of no help to Curnin. In deciding whether to extend a time period, the court can appropriately consider such factors as the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); Cf. Quann, supra (A showing that defendants have not been prejudiced by a delay in service is irrelevant to the "good cause" analysis). This standard

also requires some demonstration of good faith by the party seeking an enlargement of time and some reasonable basis for non-compliance within time specified. 4B Charles Alan Wright & Miller, Federal Practice and Procedure § 1165 (3d ed. 2002). Applying these factors to the instant case, all mitigate against giving Curnin more time to accomplish something he should have done more than three and, arguably, more than seven years ago.

First, the danger of prejudice to Defendants is considerable. There is no evidence that Defendants had any knowledge prior to the purported service of the summonses that Curnin had filed the Complaint or that Curnin had a dispute concerning title to Bald Head Island. (Paul Aff. ¶ 10). Because Curnin failed to effect service in a timely manner, Defendants have lost the benefit of almost eight years to preserve and retain any sources of proof they might have used to fend off what can only be described as a frivolous lawsuit advancing a spurious claim.

Second, as to the length of delay and its impact on the judicial proceedings, the Court should be mindful that Curnin delayed more than a few days, or even a few weeks, or months. If the Court uses the filing of the Complaint as the trigger date, then Curnin's summonses and complaint should have been served by January 27, 2004. Even if the Court were to instead use the more charitable date of the February 25, 2008 notice of non-intervention as the trigger, then Curnin should have obtained service no later than June 24, 2008. Had Curnin taken the action required by Rule 4, then Defendants would have been in a position to file an early motion to dismiss and for judgment on the pleadings which might have dispensed with the case, before the case twice went back and forth between the District Court and the Fourth Circuit as a result of his failure to prosecute.

Third, as to the reason for delay, why Curnin would delay from the filing of the lawsuit until August, 2010 simply to request the issuance of summonses is inexplicable. The fact that he

would wait another full year before attempting service of those summonses and until the Court expressly told him that he would be required to show good cause as to why the action should not be dismissed offers a clear indication that Curnin exercised neither reasonable nor diligent efforts to effect service in the more than seven preceding years.

Fourth, there is no evidence to suggest that Court personnel, the United States Attorney's office, process servers, or anyone else played any role in causing the delay in service. The delay was within Curnin's exclusive control.

Fifth, Curnin's failure to take advantage of the numerous opportunities he had to effect service at various junctures in the protracted procedural history of the case only serves to underscore Curnin's absence of good faith. Although Curnin previously took exception to the perceived suggestion that Curnin allowed the case to fall off the Court's radar screen, the reality is that he has allowed this matter to languish.

## II. IF THE COURT DISMISSES THE COMPLAINT, CURNIN CANNOT RE-FILE IT BECAUSE THE STATUTE OF LIMITATION HAS EXPIRED AND, IN FACT, EXPIRED EVEN BEFORE CURNIN ORIGINALLY FILED THE COMPLAINT.

In conducting the Rule 4(m) analysis, a district court may properly dismiss the case even after determining that the statute of limitations has run and the re-filing of an action is time-barred. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298 (3d Cir. 1995). Movants respectfully submit that this is the correct result in the instant case. The limitation period for a claim brought under the False Claims Act expires (1) six years after the date on which the violation is committed, or (b) three years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than ten years after the date on which the violation is committed, whichever occurs last. 31 U.S.C. § 3731(b).

Of course, the perplexing mystery of Curnin's complaint is what, exactly, he contends to be the violation of the False Claims Act giving rise to it. The gravamen of his complaint is that Limited took title to property that he says, albeit without proper factual support, was owned by the United States government. According to the complaint, that act occurred on June 14, 1983, some twenty years before Curnin filed the lawsuit, meaning that the statute of limitation had already run well before he ever filed it. (Complaint, ¶ 9).

In any event, whatever Curnin might have deemed to be a violation would of course have occurred prior to the 2003 filing date of the lawsuit. Thus, eight years have passed since the purported violation, whatever it might be. Moreover, more than three years have passed since Curnin had knowledge of those facts he deemed to be material to the right of action, since the action was commenced eight years ago. As a result, the complaint is time-barred.

## III. THE COURT CANNOT PROPERLY CONSIDER ANY RESPONSES OR FILINGS BY CURNIN'S GEORGIA COUNSEL BECAUSE CURNIN IS OUT OF COMPLIANCE WITH LOCAL CIVIL RULE 83.1.

Local Civil Rule 83.1(d) requires that "[l]itigants in civil actions, except governmental agencies and parties appearing pro se, must be represented by at least one member of the bar of this court who shall sign all documents filed in this court, including his or her state bar number and fax number in the signature block on all pleadings." Sydenham B. Alexander, Jr.'s name appears as Local Civil Rule 83.1 Local Counsel on the Notice of Appearance attached to the December 15, 2006 Motion for Leave to File Notice of Appearance Under Seal. However, according to an August 23, 2011 e-mail to counsel for the Defendants, Mr. Alexander reports,

> I have [sic] very limited contact with Frank Moore over the past several years and no contact at all with Mr. Curnin. Shortly after the failed mediation, I informed Norman Acker as well as Frank Moore and Pete Curnin that I would no longer be involved.... I have not appeared in court at any time **or signed any pleadings**.

(Appendix B).

Defendants note that Curnin objected in his September 23, 2010 Motion to Set Aside or Amend Findings and for Other Relief to the finding that Curnin's counsel had failed to file its notice of appearance after the Court allowed Curnin's motion for leave to file the notice of appearance under seal. Defendants further note that when Curnin's Georgia counsel filed the September 23, 2010 Motion, he showed Mr. Alexander as a signatory and did not inform the Court that he lacked authority to sign Mr. Alexander's name to the Motion. Perhaps more disturbingly, an apparent purpose of that Motion was to have the Court recognize and docket Mr. Alexander's 2006 appearance, after local counsel informed the Georgia attorney that he would not continue to stand alongside Georgia counsel in this matter. For these reasons, Defendants object to the Court's consideration of any future pleadings or papers filed by Frank X. Moore[3] or his law firm until Curnin obtains new Local Rule 83.1 counsel.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Dismiss for Insufficiency of Process or Service of Process and that the Court provide in its Order dismissing the action that Curnin is unable to re-file it because his purported claims are barred by the applicable statute of limitation.

---

[3] Significantly, the Brunswick County Superior Court has revoked Mr. Moore's pro hac vice privileges which had allowed him to appear in defense of a lawsuit filed against Curnin by Bald Head Association.

This the 30th day of August, 2011.

MURCHISON, TAYLOR & GIBSON, PLLC
Attorneys for Defendant


By:    /s/  Andrew K. McVey
Andrew K. McVey
N.C. State Bar #  20217
16 North Fifth Avenue
Wilmington, NC 28401
(910) 763-2426
Fax: (910) 763-6561
amcvey@murchisontaylor.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011, I electronically filed the foregoing Defendants' Memorandum in Support of Motion to Dismiss for Insufficiency of Process and Service of Process with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and caused the same to be mailed, postage prepaid, first class mail, of a copy of such instrument to such counsel at the addresses shown below:

Beth E. Rogers
Frank X. Moore & Associates
3343 Peachtree Road NE, Suite 1150
Atlanta, GA    30326

Francis X. Moore
Frank X. Moore & Associates
1847 Peeler Road, Suite D
Atlanta, GA    30338
fmoore@fxm-law.com

G. Norman Acker, III
U. S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC    27601-1461
norman.acker@usdoj.gov

Sydenham B. Alexander, Jr.
Alexander & Miller, LLP
1526 East Franklin Street, Suite 202
Chapel Hill, NC    27514
sbalexander@mindspring.com

Respectfully submitted,

/s/ Andrew K. McVey
Attorney for Defendants
Murchison, Taylor & Gibson, PLLC
16 North Fifth Avenue
Wilmington, NC    28401
Telephone:  (910) 763-2426
Fax:  (910) 763-6561
E-mail:  Amcvey@murchisontaylor.com
State Bar No. 20217