UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CV-174-F(1)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>PETER C. CURNIN, )<br>)<br>Relator, )<br>)<br>v. )<br>)<br>BALD HEAD ISLAND LIMITED, )<br>MARK D. MITCHELL, MICHAEL K. )<br>MITCHELL, )<br>)<br>Defendants. ) | O R D E R |

This matter is before the court on the filing of an affidavit of Sydenham B. Alexander, Jr., [DE-57] in response to this court's September 14, 2011, Order [DE-56], issued after a hearing on September 13, 2011, before the undersigned. At issue in the hearing was whether a Motion for Extension of Time [DE-48] filed by Relator Peter Curnin complied with the Local Rules of this court, and ultimately, whether the court could consider it.

### A. Compliance with Local Rules

Currently, the applicable Local Civil Rule states, in part, the following:

**(d) Representation by Local Counsel Who Must Sign All Pleadings.** Litigants in civil actions, except governmental agencies and parties appearing *pro se*, must be represented by at least one member of the bar of this court who shall sign all documents filed in this court, including his or her state bar number and fax number in the signature block on all pleadings. If an attorney appears solely to bring the litigant in compliance with this local rule, he or she shall in each instance designate himself or herself "Local Civil Rule 83.1 Counsel." In signing the pleading, motion, discovery request or other document, counsel certifies that he is an authorized representative for communication with the court about the litigation, and the document conforms to the practice and

procedure of this court. However, counsel does not make the certification
required by Rule 11 of the Federal Rules of Civil Procedure. Nevertheless,
the requirements of Rule 11 must be complied with by out-of-state counsel.

Local Civil Rule 83.1(d). In turn, Section J of the CM/ECF Policy Manual allows for signatures of attorneys to appear on documents by means of "/s/" block for each attorney. Of note, the Policy Manual explicitly provides that "[b]y submitting such a document, the filing attorney certifies that each of the other signatories *has expressly agreed* to the form and substance of the document and that the filing attorney *has their actual authority* to submit the document electronically." *See* CM/ECF Policy Manual, Section J.(4) (emphasis added).

The Motion for Extension of Time [DE-48] was filed on August 30, 2011, via CM/ECF, by Mr. Francis X. Moore, Curnin's out-of-state "special appearance " counsel. That motion bore Moore's signature as "Counsel for Counsel for United States of America, ex rel. Peter C. Curnin," as well as the "/s/ block" signature of Sydenham B. Alexander, Jr. as "LR 83.1 Counsel for Counsel for United States of America, ex rel. Peter C. Curnin." *See* Mot. [DE-48] at pp. 3-4. Mr. Alexander filed his Notice of Appearance as Local Rule 83.1 Counsel of record for Curnin on December 15, 2006 [DE-40], and, prior to the hearing in this matter, had never filed a motion to withdraw. *See* Sept. 6, 2011, Order [DE-50] at p. 4.

Defendants, however, contend that at the time of the filing of the Motion for Extension of time, Curnin was in fact without local counsel, and refer to an August 23, 2011, email purportedly sent by Mr. Alexander to counsel for Defendants, in which he represented, in part:

> I have very limited contact with Frank Moore over the past several years and no contact at all with Mr. Curnin. Shortly after the failed mediation, I informed Norman Acker as well as Frank Moore and Pete Curnin that I would no longer be involved. My understanding was that Frank was to obtain other local counsel. . . .

2

> I have not appeared in court at any time or signed any pleadings. I have been copied by Stuart on some of his dealings but he is aware that I am not acting as counsel in this matter.

August 23, 2011, Email [DE-44-2]. In light of the Defendants' accusations and the purported email, the court set this matter for an evidentiary hearing on the sole issue of whether Curnin, in fact, has Local Counsel in compliance with the applicable Local Rules. If he did not, the court sought instruction from counsel whether the Motion for Extension of Time [DE-48] properly could be considered.

At the September 13, 2011, hearing, the court allowed Mr. Alexander's motion to withdraw as Local Counsel for Curnin. Then, in response to this court's questioning, Mr. Alexander confirmed that he had not seen, reviewed or approved the Motion for Extension of Time [DE-48] or placement of his "/s/ block" signature thereon before Mr. Moore filed it on August 30, 2011. He did, however, recall that he received an email from Mr. Moore *after* the Motion had been filed, although he could not remember the date.

Mr. Alexander then was placed under oath and questioned by counsel for Defendants and Curnin. The sum of his testimony was that in 2007, he informed Mr. Moore that he no longer wanted to served as Local Counsel in this case, yet he admittedly never filed a motion to withdraw. Notwithstanding his informing Mr. Moore that he would no longer serve as Local Counsel, Mr. Alexander confirmed an email exchange with Mr. Moore in September 2010.[1] Mr. Alexander admitted that after receiving belated notice of Mr. Moore's Motion for Extension of Time, he nevertheless raised no objection to having his signature reflected thereon as Local

---

[1] The subject of the email was Mr. Moore's inquiry whether Mr. Alexander, as a member of the local bar, should contact an Assistant United States Attorney who filed a document in this proceeding.

Counsel. Mr. Alexander did not explain, however, why he continued to receive "notice" of filings in this case from Mr. Moore, despite his email remark that he no longer was involved in the case.

Because Mr. Alexander admittedly did not have notice of the Motion for Extension of Time prior to Mr. Moore's filing it, the court cannot find that Mr. Alexander "expressly agreed to the form and substance" of the Motion, a requirement for his "/s/" block signature to appear on the Motion. He also admittedly failed to exercise the opportunity to object to the motion under the Local Rules.[2] Notwithstanding the irregularities in Mr. Moore's causing the Motion for Extension of Time to be filed, Mr. Alexander at the hearing ratified Moore's placement of his "/s/ block" signature on the motion. Accordingly, the court concludes that it may consider Curnin's Motion for Extension of Time [DE-48].

Both Mr. Moore and Ms. Lindsey Walker,[3] Curnin's new Local Counsel, are instructed to review the Local Rules applicable to the conduct of counsel in this court. Counsel are reminded that this court does not construe Local Rule 83.1 to authorize an out-of-state attorney to affix an "/s/ block" signature of Local Counsel to a document until Local Counsel has performed her duty as "an authorized representative for communication with the court about the litigation [to confirm that] the document conforms to the practice and procedure of this court." Local Civil Rule 83.1(d).

---

[2] *See* Local Civil Rule 83.1(e)(4) ("Any document filed by a special appearance attorney that does not comport with associated Local Civil Rule 83.1 counsel's standards may be objected to.").

[3] Ms. Walker appeared in court with Mr. Moore on behalf of Mr. Curnin. She had been admitted as a member of the bar of this court the day before the hearing. Mr. Moore explained to the court that Ms. Walker is a member of his law firm.

4

## B. Motion for Extension of Time

Having concluded that the court may consider the Motion for Extension of Time, the court turns to the merits of it.

The August 9, 2011, order allowed in part and denied in part Curnin's Motion to Set Aside or Amend Findings and for Other Relief [DE-38]. In that order, the court stated the following:

> Proper proof of service, or waiver of service under Fed. R. Civ. P. 4(d), is necessary for the court to exercise personal jurisdiction over a defendant. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. FED. R. CIV. P. 4(m). Additionally, "proof of service must be made to the court." FED. R. CIV. P. 4(l).

Order [DE-39] at p. 8. The record before the court, at that time, did not reflect proof of service on any Defendant. The court therefore directed Curnin:

> to either file proof of service on Defendants, or show good cause why the court should not dismiss Curnin's claims without prejudice. Any explanation of good cause shall include briefing on whether service was required to be made within 120 days of the Government's notice of non-intervention, and the effect, if any, of the court's issuance of summonses on August 16, 2010. Curnin shall file either the proofs of service or other response to this court's order within 21 days of this order.

*Id.* at pp. 8-9.

On August 26, 2011, Curnin filed proofs of service as to Defendants Mark D. Mitchell and Bald Head Island Limited. *See* [DE-41; DE-42]. On August 30, 2011, these Defendants, along with Defendant Michael K. Mitchell, filed Motion to Dismiss for Insufficiency of Process and Service of Process [DE-43].

5

That same day, Curnin filed the Motion for Extension of Time [DE-48] to effect service on Michael K. Mitchell. In the motion, Curnin asserts: "Service was not previously perfected for reasons set forth in Curnin's Motion to Set Aside or Amend Findings and for Other Relief and Brief in Support Thereof [Docket # 38], which is incorporated herein by reference." This statement contradicts Curnin's earlier assertion in that Motion to Set Aside that this court had *not been apprised* of the reasons why summons had not been requested or issued in the case prior to the 2008 dismissal. *See* Motion to Set Aside [DE-38] at p. 8.[4] Indeed, Curnin's lack of any explanation why he had not made proof of service during the period *preceding* the 2008 dismissal, was the very reason the court directed him either to (i) make proof of service, or (ii) show good cause, supported by a brief addressing specific issues, why the court should not dismiss his claims. Although Curnin now is prepared to offer an explanation why service has not been perfected, he addresses only the period of time *subsequent to* the court's August 9, 2011, Order. Curnin's lack of any explanation of his failure to perfect service *prior to* the August 9,

---

[4] Specifically, Curnin stated:

> The Government's [2008] motion to dismiss was neither accompanied nor supported by any affidavit, declaration, or other evidence. Relator's counsel was surprised that the Government would file a motion to dismiss and engaged in extensive communications regarding the same with Assistant United States Attorney G. Norman Acker, III. *While the Court has not had the opportunity to be apprised of any of those written or oral communications*, among other things discussed were: (A) Relator's objections to the Government's motion to dismiss based on the Government's previous notice of non-intervention and consequential lack of standing; (B) the reasons why summons had yet been requested or issued; and (3) an extension of time for Relator to respond, if necessary, to the Government's motion to dismiss.

Mot. [DE-38] at p. 8 (emphasis added).

2011, Order is the very reason the directive to file proof of service or, alternatively, show good cause, was necessary in the first place. **Notably, the August 9, 2011, Order did not itself extend the time for service on any Defendants.** Curnin may not effect an end-run around the August 9, 2011, Order's explicit directives by now requesting even more extra time to effect service.

Accordingly, Curnin's Motion for Extension of Time to Serve Defendant Michael Kent Mitchell [DE-48] is DENIED WITHOUT PREJUDICE, based on Curnin's failure to show good cause as directed in the court's August 9, 2011, Order. Although the court could, in its discretion, dismiss Curnin's claims against Michael K. Mitchell, the court declines to do so.

Instead, Curnin is DIRECTED, on or before **September 30, 2011**, to bring himself into compliance with that Order by filing his brief in which he details (i) his position that good cause exists not to dismiss his claims against Michael K. Mitchell for failure to make service within 120 days of the Government's notice of non-intervention, and (ii) the effect on that failure of service, if any, of the court's issuance of summonses on August 16, 2010.

*Alternatively*, because the court is cognizant that subject matter of Curnin's brief may overlap with the substance of his response to Defendants' Motion to Dismiss [DE-43], Curnin may, **on or before September 30, 2011,** file written Notice with the court that he will incorporate his response, if any, to Defendants' Motion to Dismiss [DE-43], into his brief in compliance with the August 9, 2011, Order as described herein.

C. Conclusion

Curnin's Motion for Extension of Time to Serve Defendant Michael Kent Mitchell [DE-48] is DENIED WITHOUT PREJUDICE. Curnin is DIRECTED to show good cause in the

manner detailed herein, on or before **September 30, 2011**, why his claims against Defendant Michael K. Mitchell should not be dismissed.

**CURNIN AND HIS ATTORNEYS ARE CAUTIONED THAT FAILURE TO COMPLY IN A TIMELY MANNER WITH THIS ORDER ACCORDING TO APPLICABLE LOCAL AND FEDERAL RULES LIKELY WILL RESULT IN THE DISMISSAL OF HIS CLAIMS AGAINST MICHAEL K. MITCHELL.**

SO ORDERED.

This the 16th day of September, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge